Jennifer Hasso, Esq. (Cal. Bar #110636)
LAW OFFICES OF JENIFFER HASSO
2765 Second Avenue
San Diego, CA 92103
(619) 232-2765
(619) 232-4485
jhasso@gmail.com

*Attorneys for Defendant NINARAY, INC.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRIS LANGER., <br><br> Plaintiff, <br><br> vs. <br><br> NINARAY, INC., a California Corporation; and DOES 1-10, <br><br> Defendants. | Case No.: 20-cv-1812-BEN-MSB <br><br> **DEFENDANT NINARAY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF: AMERICANS WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT.** |

Defendant NINARAY, INC. ("Defendant") for itself alone and for no other defendant, answers Plaintiff CHRIS LANGER ("Plaintiff") Complaint and admits, denies and alleges as follows:

**PARTIES**

1.  Answering Paragraph 1 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations in this Paragraph

and, basing its response on such lack of information or belief, denies generally and specifically each and every allegation of this Paragraph.

2. Answering Paragraph 2 of the Complaint, Defendant admits that Defendant NINARAY, INC., did business as Auto Auction of San Diego on in June 2020 and is located at or about 5801 Fairmont Avenue, San Diego, California.

3. Answering Paragraph 3 of the Complaint, Defendant admits that Defendant NINARAY, INC., does business as Auto Auction of San Diego and is located at or about 5801 Fairmont Avenue, San Diego, California.

4. Answering Paragraph 4 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations in this Paragraph and, basing its response on such lack of information or belief, denies generally and specifically each and every allegation of this Paragraph.

**JURISDICTION & VENUE**

5. Answering Paragraph 5 of the Complaint, Defendant admits and alleges that federal courts generally have original jurisdiction over claims under the Americans with Disabilities Act.

6. Answering Paragraph 6 of the Complaint, Defendant admits and alleges that federal courts generally have supplemental jurisdiction over state law claims based upon the same set of operative facts as federal claims. Except as

expressly admitted herein, Defendant denies the allegations in Paragraph 6 of the Complaint.

7. Answering Paragraph 7 of the Complaint, Defendant admits that venue is proper in the district in which a real property subject to an action is located within the district pursuant to 28 U.S.C. Section 1391(b). Except as expressly admitted herein, Defendant denies the allegations in Paragraph 7 of the Complaint.

## FACTUAL ALLEGATIONS

8. Answering Paragraph 8 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations in this Paragraph and, basing its response on such lack of information or belief, denies generally and specifically each and every allegation of this Paragraph.

9. Answering Paragraph 9 of the Complaint, defendant admits.

10. Answering Paragraph 10 of the Complaint, Defendant denies each and every allegation contain therein.

11. Answering Paragraph 11 of the Complaint, Defendant admits that parking is available to customers but denies, generally and specifically, all other allegation contain therein.

12. Answering Paragraph 12 of the Complaint, Defendant denies each and every allegation contain therein.

13. Answering Paragraph 13, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations in this Paragraph and, basing its response on such lack of information or belief, denies generally and specifically each and every allegation of this Paragraph.

14. Answering Paragraph 14 of the Complaint, Defendant denies each and every allegation contain therein.

15. Answering Paragraph 15, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations in this Paragraph and, basing its response on such lack of information or belief, denies generally and specifically each and every allegation of this Paragraph.

16. Answering Paragraph 16, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations related to Plaintiff's condition as a wheelchair user and related needs, and, basing its response on such lack of information or belief, denies generally and specifically this allegation. Defendant denies, generally and specifically, all other allegation contain therein.

17. Answering Paragraph 17, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations related to Plaintiff's discomfort, and basing its response on such lack of information or belief, denies generally and specifically this allegation.  Defendant denies, generally and specifically, all other allegation contain therein.

18.   Answering Paragraph 18, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations related to any barriers encountered by Plaintiff, and basing its response on such lack of information or belief, denies generally and specifically this allegation. Defendant denies, generally and specifically, all other allegation contain therein.

19.   Answering Paragraph 19 of the Complaint, Defendant denies each and every allegation contain therein.

20.   Answering Paragraph 20, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations in this Paragraph and, basing its response on such lack of information or belief, denies generally and specifically each and every allegation of this Paragraph.

21.   Answering Paragraph 21, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations in this Paragraph and, basing its response on such lack of information or belief, denies generally and specifically each and every allegation of this Paragraph.

22.   Answering Paragraph 22, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations related to Plaintiff's further amendments to this Complaint, and basing its response on such lack of information or belief, denies generally and specifically this allegation. Defendant denies, generally and specifically, all other allegation contain therein.

## FIRST CAUSE OF ACTION

## (VIOLATION OF AMERICANS WITH DISABILITIES ACT OF 1990)

23. Answering Paragraph 23 of the Complaint, Defendant incorporates its answer to Paragraphs 1 through 22 by reference as if fully set forth herein.

24. Answering Paragraph 24 of the Complaint, Defendant admits that as part of the Americans With Disabilities Act of 1990, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" and that the statutory provisions of the Americans with Disabilities Act speak for themselves. Except as stated, Defendant lacks sufficient information or belief to enable it to admit or deny the remaining allegation in this paragraph, and basing its response on such lack of information or belief, denies generally and specifically the remaining allegations of this Paragraph.

25. Answering Paragraph 25 of the Complaint, Defendant admits that as part of the Americans With Disabilities Act of 1990, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" and the provisions related to accessible parking speak for themselves. Defendant lacks sufficient information or belief to enable it to admit or deny the remaining allegation in this paragraph, and basing its response on such lack of information or belief, denies generally and specifically the remaining allegations of this Paragraph.

26. Answering Paragraph 26 of the Complaint, Defendant denies each and every allegation contain therein.

27. Answering Paragraph 27 of the Complaint, Defendant admits that as part of the Americans With Disabilities Act of 1990, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" and the provisions related to paths of travel speak for themselves. Defendant lacks sufficient information or belief to enable it to admit or deny the remaining allegation in this paragraph, and basing its response on such lack of information or belief, denies generally and specifically the remaining allegations of this Paragraph.

28. Answering Paragraph 28 of the Complaint, Defendant denies each and every allegation contain therein.

29. Answering Paragraph 29 of the Complaint, Defendant admits that along with the Americans With Disabilities Act of 1990, Congress passed new regulations in 2010 including the "Safe Harbor Provisions", and that such provisions speak for themselves. Defendant lacks sufficient information or belief to enable it to admit or deny the remaining allegation in this paragraph, and basing its response on such lack of information or belief, denies generally and specifically the remaining allegations of this Paragraph.

30. Answering Paragraph 30 of the Complaint, Defendant admits that as part of the Americans With Disabilities Act of 1990, Congress passed provisions,

including those contained in 28 C.F.R. § 36.211 and that such provisions speak for themselves. Defendant lacks sufficient information or belief to enable it to admit or deny the remaining allegation in this paragraph, and basing its response on such lack of information or belief, denies generally and specifically the remaining allegations of this Paragraph.

31. Answering Paragraph 31 of the Complaint, Defendant denies each and every allegation contain therein.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

32. Answering Paragraph 32 of the Complaint, Defendant incorporates its answer to Paragraphs 1 through 31 by reference as if fully set forth herein. Defendant admits the existence of statutory provisions and protections under UNRUH Civil Rights Act, and that such provisions speak for themselves.

33. Answering Paragraph 33 of the Complaint, Defendant admits the existence of statutory provisions under the Americans With Disabilities Act, the UNRUH Civil Rights Act, California's Disabled Person Act, Title 24 of the California Code of Regulations, and California Health that such provisions speak for themselves. Except as expressly admitted, Defendant denies each and every allegation contained therein.

34. Answering Paragraph 34 of the Complaint, Defendant denies each and every allegation contain therein.

35.     Answering Paragraph 35 of the Complaint, Defendant denies each and every allegation contain therein.

### AFFIRMATIVE DEFENSES

Defendant pleads the following separate and affirmative defenses to the Complaint:

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

36.     The Complaint, and each and every claim therein, fails to state a claim for which relief may be granted.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

37.     Defendant and its agents acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiffs are barred from any recovery in this action.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

38.     Defendant is informed and believes and upon that basis alleges that Plaintiff have not suffered any damage as a result of any actions taken by Defendant or the incident complained of and Plaintiffs are thus barred from asserting any claim against Defendant.

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

39.      Defendant is informed and believes and upon that basis alleges that if Plaintiff suffered any damage as a result of the incident complained of in this

action, then plaintiff proximately caused, aggravated and failed to take proper action to reduce and/or mitigate said injuries or damages. failed and neglected to mitigate Plaintiffs' damages, if any there were, and to the extent of such failure to mitigate, any damages awarded to Plaintiff under the Complaint should be reduced accordingly

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

40.     There is no cause or connection between any conduct of Defendant, and any alleged loss or damage that Plaintiffs allege they have sustained. Accordingly, Plaintiffs are barred from any recovery in this action.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

41.     The Complaint, and each and every purported claim contained therein, is barred by all applicable federal and California statutes of limitation.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

42.     The Complaint, and each and every purported claim contained therein, fails to state facts sufficient to entitle Plaintiffs to an award of actual damages, general damages, punitive damages, statutory penalties, attorneys' fees, costs and interest, or injunctive relief.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

43.     Plaintiffs' prayer for judgment and damages regarding each and every purported claim for relief contained in the Complaint is barred because the damages purportedly sustained by Plaintiffs were not the result of acts,

representations or omissions of Defendant, or any of its agents, representatives and/or employees

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

44.     Plaintiff's Complaint, and each and every purported claim contained therein, is barred, in whole or in part, by the doctrine of <u>estoppel</u>. Accordingly, Plaintiffs are barred from any recovery in this action.

### TENTH SEPARATE AND AFFIRMATIVE DEFENSE

45.     Plaintiff's Complaint, and each and every purported claim contained therein, is barred, in whole or in part, by the doctrine of <u>waiver</u>. Accordingly, Plaintiffs are barred from any recovery in this action.

### ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

46.     Plaintiff's Complaint, and each and every purported claim contained therein, is barred, in whole or in part, to the extent Plaintiffs have failed to comply with all <u>jurisdictional requirements</u> including any state or federal law exhaustion requirements to bring a claim for injunctive relief under Title III of the Americans With Disabilities Act.

### TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

47.     The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against this Defendant because any actions taken with respect to Plaintiffs were for legitimate non-discriminatory

business reasons unrelated to Plaintiffs' alleged disability or other protected status.

### THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

48. The Complaint, and each and every purported claim contained therein, fails to state facts sufficient to constitute a claim for relief because any decisions with respect to Plaintiffs were made by Defendant solely for legitimate, business-related reasons, justified, privileged and were reasonably based on the facts as Defendant understood them.

### FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

49. Any allegedly wrongful acts performed by the agents of Defendant, if there were any, were made outside the course and scope of such agents' authority. Accordingly, Plaintiffs are barred from asserting any claim or relief against Defendant based on said allegedly wrongful acts.

### FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

50. Plaintiffs' prayer for judgment and damages is barred because Title III of the Americans With Disabilities Act does not provide for a private cause of action for damages.

### SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

51. Plaintiffs are barred from recovery under California Business and Professions Code Sections 17200 *et seq.*, because Plaintiffs lack standing to sue under these statutes.

## SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

52. Plaintiffs are barred from recovery under California Business and Professions Code Sections 17200 *et seq.*, because the sections do not apply to the alleged conduct at issue.

## EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

53. Plaintiffs are not entitled to recover any punitive or exemplary damages and any allegations with respect thereto should be stricken because:

   i. Plaintiffs have failed to plead facts sufficient to support allegations of oppression, fraud and/or malice. Cal. Civ. Code § 3294(a); and/or

   ii. Plaintiffs have failed to plead facts sufficient to support allegations of gross or reckless disregard for the rights of Plaintiffs or that Defendant was motivated by evil motive or intent; and/or

   iii. Neither Defendant nor any of its officers, directors or managing agents committed any alleged oppressive, fraudulent or malicious act, authorized or ratified such an act, or had advance knowledge of the unfitness, if any, of any employee or employees who allegedly committed such an act, or employed any such employee or employees with a conscious disregard of the rights or safety of others. Cal. Civ. Code § 3294(b)

### NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

54. Plaintiffs do not have standing to sue, because they do not have the requisite physical disability as required by state and federal law.

### TWENTIETH SEPARATE AND AFFIRMATIVE DEFENSE

55. Plaintiffs are not entitled to any relief against any Doe defendants, because the names and responsibilities of such alleged Doe defendants are readily ascertainable to Plaintiffs.

### TWENTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

56. Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure. The extent to which Plaintiffs' claims may be barred cannot be determined until Defendant has an opportunity to complete discovery. Therefore, Defendant incorporates all such affirmative defenses as though fully set forth herein.

### TWENTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

57. To the extent Plaintiffs are purporting to set forth claims on behalf of others, they lack standing.

### TWENTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

58. Plaintiffs have not set forth the content of the injunction they are seeking nor any of its particulars and therefore an injunction is not available.

## TWENTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

59. Defendant is informed and believes, and upon such information and belief alleges, that plaintiff is barred from the recovery due to the Doctrine of Laches.

## TWENTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

60. Defendant is informed and believes, and upon such information and belief alleges, that plaintiffs claim is barred because plaintiff cannot bring this claim because of the equitable doctrine of unclean hands.

## TWENTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

61. Defendant is informed and believes, and upon such information and belief alleges, that plaintiff alleged causes of action are barred by the provisions of Section 340(3) of the *Code of Civil Procedure.*

## TWENTY-SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

62. Defendant is informed and believes, and upon such information and belief alleges, that Defendant's facilities were, at all times relevant hereto, equally accessible to, and usable by, physically handicapped individuals within the requirements of the applicable handicapped access statutes and regulations.

## TWENTY-EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

63. Defendant is informed and believes, and upon such information and belief alleges, that Defendant's facilities were, at all times relevant hereto, in compliance with applicable handicapped access statutes and regulations.

### TWENTY-NINTH SEPARATE AND AFFIRMATIVE DEFENSE

64.     Defendant is informed and believes, and upon such information and belief alleges, that any alleged denial of equal access to defendant's facilities was excused.

### THIRTIETH SEPARATE AND AFFIRMATIVE DEFENSE

65.     Defendant is informed and believes, and upon such information and belief alleges, that Defendant was entitled to exemption under Health & Safety Code Section 19955 et seq.

### THIRTY-FIRST SEPARATE AND AFFIRMATIVE DEFENSE

66.     Defendant is informed and believes, and upon such information and belief alleges, that Plaintiff is barred from injunctive relief as defendant's facilities are fully compliant with applicable equal access statutes and regulations.

### THIRTY-SECOND SEPARATE AND AFFIRMATIVE DEFENSE

67.     Defendant is informed and believes, and upon such information and belief alleges, that Defendant's premises were not in violation of applicable access laws when built or acquired by this answering defendant and no structural repairs or alterations in the existing building were thereafter required by the existing statutory scheme.

### THIRTY-THIRD SEPARATE AND AFFIRMATIVE DEFENSE

68.     Defendant is informed and believes, and upon such information and belief alleges, that Defendant reasonably and justifiably relied upon those

individuals who designed, constructed, or altered defendant's premises or otherwise authorized said design, construction or alterations pursuant to permit, and this answering defendant is therefore entitled to indemnity from said individuals to the extent any liability is found against this answering defendant.

### THIRTY-FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

69.   Defendant is informed and believes, and upon such information and belief alleges, that any damages of which plaintiffs sustained by their use of the subject premises were the fault and responsibility of third parties other than this answering defendant.

### THIRTY-FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

70.   Defendant is informed and believes, and upon such information and belief alleges, that Plaintiff Complaint and damages are barred as moot as any violation of applicable access laws, if any, were remedied immediately, within 30 days of notice of the purported access barriers.

### THIRTY-SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

71.   Defendant is informed and believes, and upon such information and belief alleges, that Plaintiff is barred from recovery of attorneys' fees pursuant to the holding of *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources,* 532 U.S. 598, 121 S. Ct. 1835 (2001).

Defendant reserves the right to raise additional affirmative defenses as discovery progresses.

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor as follows:

1. That the Complaint herein, and each purported claim for relief contained therein, be dismissed with prejudice, and that judgment be entered for Defendant;

2. That Plaintiffs take nothing by virtue of his Complaint filed herein;

3. That Defendant be awarded its reasonable attorneys' fees;

4. That Defendant be awarded its costs of suit herein; and

5. That Defendant be awarded such other and further relief that the Court may deem just and proper.

DATED: May 29, 2021                **LAW OFFICES OF JENNIFER J. HASSO**

                                   By:   //S// Jennifer J. Hasso
                                         JENNIFER J. HASSO, ESQ.
                                         Attorneys for Defendant,
                                         NINARAY, INC.

# **JURY DEMAND**

Defendant hereby demands a jury trial on all claims so triable.

DATED: May 29, 2021                **LAW OFFICES OF JENNIFER J. HASSO**

                                      By:    //S// Jennifer J. Hasso
                                            JENNIFER J. HASSO, ESQ.
                                            Attorneys for Defendant,
                                            NINARAY, INC.